UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald J. Strable, | ) | C/A No. 6:06-3541-RBH-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action filed by a *pro se* litigant. The plaintiff's document titled "Synopsis" along with several attachments, was liberally construed as a complaint. The document indicates the plaintiff is filing a tort claim against the State of South Carolina for fifteen million dollars. This case should be dismissed for failure to state a claim on which relief may be granted.

### *Pro Se* and *In Forma Pauperis*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

**Procedural Background**

Plaintiff filed papers in this court construed to be a complaint against the State of South Carolina.  Plaintiff, however, failed to pay the filing fee or file an application to

proceed without prepayment of the filing fee.  The Court issued an Order on December 22, 2006, allowing Plaintiff twenty days to pay the filing fee or file to proceed *in forma pauperis*. Instead of timely complying with the Order, on January 4, 2007, Plaintiff filed a Motion to remove the assigned magistrate judge from the case.  An Order denying Plaintiff's Motion for Recusal was filed on January 8, 20007.  Plaintiff did not file his motion to proceed *in forma pauperis* by the deadline of January 17, 2007 in compliance with the Court's Order. Six weeks after the deadline, on March 2, 2007, Plaintiff filed a Motion to proceed *in forma pauperis* and a two page document entitled "Interrrogatory" with an attachment of the documents filed as the complaint in this action.  It is recommended this case be dismissed and Plaintiff's motion to proceed *in forma pauperis* be denied.

## Discussion

### *Failure to Comply with Order*

This case should be dismissed for failure to timely comply with an Order of this Court pursuant to Rule 41 of the Federal Rules of Civil Procedure.  Plaintiff was given a reasonable time to comply with an Order requiring payment of the filing fee or filing of necessary financial information, as well as interrogatories required by Local Rule 26.01. Plaintiff's response to the Order was due January 17, 2007, and Plaintiff failed to respond until March 2, 2007.  Plaintiff failed to comply within the timeframe required by the Order and failed to request an extension.  Further, Plaintiff only partially complied, because he did not file the interrogatories required by Local Rule 26.01.  Plaintiff has filed thirty-two cases in this Court since 1994, so it can be presumed he is familiar, or should be, with the

procedures of this Court.  The Order allowing a timeframe in which to address the filing fee and 26.01 interrogatories was clear and reasonable, yet Plaintiff failed to comply.  This case should be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an Order of this Court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

### Eleventh Amendment Immunity

The sole defendant in this case is the State of South Carolina.  This case must be dismissed because the State of South Carolina has absolute immunity from suit by Plaintiff pursuant to the Eleventh Amendment.  As has been explained to Plaintiff in numerous prior cases, he cannot sue the State of South Carolina.  The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which predates the Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29(1999)*; South Carolina State Ports Authority v. Federal Maritime Commission*, 243 F.3d 165 (4th Cir. 2001).  Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890).  A State must consent to suit in a federal district court, which serves to waive sovereign immunity.

4

*See Lapides v. Board of Regents*, 535 U.S. 613 (2002).  The Defendant State of South Carolina has not consented to suit in federal court in this case.  The Eleventh Amendment bars Plaintiff from suing the Defendant in this Court.  The complaint should be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### *Federal Tort Claims Act*

If Plaintiff is attempting to file this action pursuant to the Federal Tort Claims Act, his case must be dismissed.  Only federal entities or agencies performing governmental functions, or federal employees acting within the scope of their official duties, are subject to suit under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 2671 and 2674.  The Federal Tort Claims Act is not applicable to a State government.  The complaint fails to state a claim under the Federal Tort Claims Act.

### *Deny Motion to Proceed In Forma Pauperis*

Plaintiff has applied to proceed *in forma pauperis*, but his request should be denied.  The denial of *in forma pauperis* status removes the privilege of filing a case without paying the filing fee.  The denial also shifts the responsibility for service of process back to the filing party, as the Court will not effect service of process pursuant to 28 U.S.C. § 1915(d).[1]

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts.  In *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit held:

---

[1]  In this frivolous case, summonses will not be issued unless service is ordered by the District Court Judge.

5

A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. *Graham v. Riddle*, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915).

*See also Liles v. South Carolina Dept. of Corrections*, 414 F.2d 612, 613 (4th Cir 1969); *U. S. v. Gregg*, 393 F.2d 722, 723 (4th Cir.1968). Under *Graham v. Riddle*, 554 F. 2d at 134, "included within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous." The complaint in this case is frivolous. This action is not the first case in which Plaintiff has attempted to sue the State of South Carolina. The most recent case is *Strable v. State of South Carolina*, Civil Action No. 6:04-717-TLW-WMC, in which Plaintiff was once again informed that the State of South Carolina has Eleventh immunity from suit in the federal District Courts. Plaintiff has been informed of the State's Eleventh Amendment immunity, yet files this suit against the State of South Carolina. Because this case is frivolous and vexatious, Plaintiff's Motion to Proceed *in forma pauperis* should be denied. If *in forma pauperis* status is denied, Plaintiff will owe the full filing fee of three hundred and fifty dollars ($350) for filing this action.


## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(i).

It is further recommended that Plaintiff's Application to Proceed Without Prepayment of Fees (*in forma pauperis*) be denied, and he be required to pay the Three Hundred and Fifty Dollar ($350) filing fee in this case.

The plaintiff's attention is directed to the notice below.

s/William M. Catoe
United States Magistrate Judge

April 3, 2007
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7